IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WILLIAM SMITH, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> WARDEN, FCI TEXARKANA, § <br> § <br> Respondent. § | CIVIL ACTION NO.  5:21-CV-00051-RWS-CMC |

**ORDER**

Petitioner William Smith, an inmate confined at the FCI Texarkana proceeding *pro se*, filed what appeared to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Docket No. 11.  Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.  Docket No. 13.  This requires a *de novo* review of the objections in relation to the pleadings and applicable law.  *See* FED. R. CIV. P. 72(b).

Petitioner's objections are without merit.  Petitioner continues to challenge the legality of his conviction and sentence arguing the Court lacked subject matter jurisdiction over his criminal case.  Rather than seek permission to file a successive § 2255 motion with the Tenth Circuit Court of Appeals as instructed by the Northern District of Iowa, Cedar Rapids Division, Petitioner filed the above-referenced petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Texas, Texarkana Division, where Petitioner is incarcerated.  By arguing the Court lacked subject matter jurisdiction over his criminal case, Petitioner is challenging the legality of

his conviction—not the manner in which his sentence is being executed.  The inability to meet the Antiterrorism and Effective Death Penalty Act's "second or successive" requirement does not make § 2255 inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Petitioner does not cite to a retroactively applicable decision of the United States Supreme Court which establishes Petitioner may not have been convicted of a nonexistent office nor a claim that was foreclosed by established circuit law at the time the claim should have been raising during Petitioner's trial, direct appeal or initial motion to vacate filed under § 2255.  Petitioner does not meet the exceptions set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner objected.  *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The Court has determined that the Report of the Magistrate Judge is correct and Petitioner's objections are without merit.  It is accordingly

**ORDERED** that Petitioner's objections are overruled and the Report of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the Court.  It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 27th day of January, 2022.**

                                             ROBERT W. SCHROEDER III
                                             UNITED STATES DISTRICT JUDGE